STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JUSTIN BARROW                                                                                         PLAINTIFF

     v.                                      Civil No. 6:13-cv-6106

CAPTAIN RONNIE BRANSTETTER
and DEPUTY C. DELAHUNT                                                                    DEFENDANTS

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

     This is a civil rights action filed by Plaintiff, Justin Barrow, pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

     Currently before the Court is Defendants' Motion for Summary Judgment (ECF No. 19.); Brief in Support of Their Motion for Summary Judgment (ECF No. 20); and Statement of Facts (ECF No. 21).  Plaintiff filed a Response to Motion For Summary Judgment utilizing a questionnaire from the Court.  ECF No. 25.  Defendants replied.  ECF No. 41.  After careful consideration of the briefing, the undersigned makes the following Report and Recommendation.

**I.       BACKGROUND**

     The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Garland County Detention Center ("GCDC") in Hot Springs, Arkansas. Plaintiff filed the instant Complaint on September 25, 2014.  ECF No. 1, 25. Plaintiff alleges his constitutional rights were violated when Defendants failed to protect him.  ECF No. 1, 3-5. Plaintiff has brought this

1

action against Defendants in both their official and individual capacities. ECF No.1-2.

Plaintiff's claims are based on an incident which occurred on August 10, 2013. ECF No. 25. Plaintiff alleges the incident unfolded as follows: On October 20, 2012, Defendant Branstetter moved protective custody inmates into a separate section of a pod that also housed general population inmates. Protective custody inmates were on one side and general population inmates were on the other side. ECF No. 25-2. He alleged this created unsafe conditions for protective custody inmates. ECF No. 25-3.

On August 10, 2013, Defendant DeLaHunt was passing out medication and failed to close and secure the cell door when he was finished. ECF No. 25-3. Plaintiff alleges he informed DeLaHunt about the unsecured door, but he still left the block. ECF No. 25-4. Inmate James West noticed the unsecured cell door, entered and assaulted him. ECF No. 25-4. The altercation lasted about three to five minutes until it was broken up by Defendant DeLaHunt. ECF No. 25-5 . Plaintiff suffered a facial contusion and the use of ice was the recommended treatment. ECF No. 25-6. Plaintiff alleges James West was not punished for the assault and he was not allowed to press charges for the assault. ECF No. 25-6.

According to the incident report submitted, Delahunt saw two inmates who appeared to be fighting. ECF No. 20-1-1. He rushed to the pod and found the Plaintiff and James West standing outside Plaintiff's cell door. When queried by DelaHunt, Plaintiff stated "nothing had happened and he was fine." When asked when his door had been left unlocked, Plaintiff stated it had been when DeLaHunt did pill call. The other inmate stated that he and the Plaintiff were "just playing around." Upon returning to the guard station, he reviewed the video of the incident. In it, he noted West approaching the cell, Plaintiff rushing out of the cell swinging punches at West, and West retreating

2

and throwing one punch in defense. At this point the altercation was over. DeLaHunt stated that the video showed Plaintiff as the aggressor in the altercation. ECF No. 20-1-1.

In his Response to the Summary Judgment Motion, Plaintiff agreed that he told Defendant DeLaHunt that nothing was going on, and he was fine. ECF No. 25-8. He also agreed with DeLaHunt's statement that he came out of his cell swinging punches at West, that West hit him once in defense, and then the altercation was over. ECF No. 25-8-9. When asked if West had threatened or assaulted him prior to August 10th, Plaintiff stated that West was very racist, called him "mean names," threw things at him, and tried to grab him and hit him through the "bean hole" when he was walking around the pod. ECF No. 25-9. When asked if he was threatened or assaulted between October 20, 2012, when protective custody inmates were moved in with general population, and the August 10, 2013 incident, he checked "No." ECF No. 25-9. He did not tell either Defendant that he feared for his safety because of the move nor did he file a grievance. ECF No. 25-10.

Plaintiff was taken to the Mercy emergency room, where he was diagnosed with a facial contusion (bruise). There was no fracture. Ice was prescribed as treatment. ECF No. 20-2-1.

## II.   LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but

3

the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

In their Motion for Summary Judgment and Brief in Support, Defendants argue: (1) Plaintiff's claim against the Defendants in their official capacity must fail because he did not allege any practice, custom, or risk of harm that would suffice for this claim; (2) Plaintiff's individual capacity failure to protect claims must fail because there was only *de minimus* injury, Plaintiff was the aggressor of the altercation which resulted in the injury, the population arrangement in the pods was not a sufficient basis for liability, and the failure to lock the cell door was at most negligence.

#### A.   Official Capacity Claims

Plaintiff argues that he was deprived of his constitutional rights when the protective custody inmates were moved into a pod with general population inmates on one side of the pod and protective custody inmates on the other side. He further alleges that he was deprived of his rights when the locks and doors were not secured before letting the general population inmates out. ECF No. 25-12.

Under Section 1983, a defendant may be sued in either his individual capacity, or in his

4

official capacity, or in both.  In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits.  As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available.  *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself.  *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991).  Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense.  *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998).  "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights.  *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

Plaintiff has provided no evidence to support his official capacity claims.  Plaintiff has identified no policy, custom, or practice that endangered him in his Complaint or Response.  He has provided no evidence as to how the decision to house the two categories of inmates in separate halves of a pod placed him *per se* in an unsafe condition.  To the contrary, he stated he was not threatened or assaulted between October 20, 2012, when protective custody inmates were moved in with general population, and the August 10, 2013 incident. Nor has he provided any evidence of a policy, custom, or practice of intentionally leaving doors open to provide the general population inmates free access to protective custody inmates.

Accordingly, I recommend that Defendants' Motion for Summary Judgment (ECF No. 19.)

be **GRANTED** as to Plaintiff's official capacity claims against all Defendants.

### B.    Individual Capacity Failure to Protect Claims

Plaintiff argues that Defendant Branstetter was responsible for the August 10th, 2013 assault because the move to the pod created unsafe conditions for protective custody inmates. ECF No. 25-3. Plaintiff argues that Defendant DeLaHunt was responsible for the assault because he failed to close and secure the cell door when he finished passing out medication. ECF No. 25-3.

Because Plaintiff suffered only a *de minimus* injury from an altercation in which he was the aggressor, it is not necessary to address Defendant's other arguments.

Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. *See Perkins v. Grimes,* 161 F.3d 1127, 1129 (8th Cir. 1998). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victims's safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*."*Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008)

Whether an injury is sufficiently serious is "claim dependent." *Id.* at 447. "No clear line divides *de minimis* injuries from others." *Id.* In *Irving*, the inmate was assaulted by another inmate at the instigation of prison guards. He suffered injuries to his jaw and nose, which caused him difficulties in breathing for two months after the attack. *Id*. at 445. The Eighth Circuit held that these injuries were sufficiently serious to support a failure to protect claim. *Id.* at 448. *See also Walton v. Dawson*, 752 F.3d 1109, 1118 (8th Cir. 2014)( "It is . . . beyond dispute that rape or sexual assault at the hands of other prisoners is sufficiently serious to amount to a deprivation of constitutional dimension.")(internal quotations omitted); *Ellis v. Bass*, 982 F.2d 525, *2 (8th Cir.

1992)(unpublished)(irritation to inmate's skin and eyes caused when another inmate threw a bucket of a bleach and cleanser solution over him was *de minimus* at most); *Chavero-Linares*, 2013 WL 5655559, *8 (N.D. Iowa 2013) (scratch or cut on cheek that Plaintiff received when another inmate threw a chair at her, which required only one pain pill for treatment, was *de minimis* injury).

      Several Circuits have utilized the test enunciated in *Luong. v. Hatt*, 979 F. Supp. 481, 486 (N.D. Texas Sept. 11, 1997) to evaluate the seriousness of the injury. In analyzing an Eighth Amendment failure to protect claim, the court first noted that *Siglar v. Hightower*, 112 F.3d 191 (5th Cir 1997) provided no definition of a physical injury or a *de minimis* injury pursuant to 1997e(e). *Id.* at 486. It then stated that a physical injury is:

> an observable or diagnosable medical condition requiring treatment by a medical professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc. which lasts even up to two or three weeks.. . . Injuries treatable at home [by a free world citizen] and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e). . .

Id.; *See also Perez v. United States*, 330 Fed. App'x. 388, 389 (3d Cir. 2009) and *Jarriett v. Wilson*, 162 Fed. App'x. 394, 401 (6th Cir. 2005) (using the *Luong* test).

      The Ninth Circuit found the *Luong* test required "too much," but also held that "any injury" is "too little" as an injury requirement. *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir 2002.) In this case, back and leg pain caused from overcrowded cell conditions, undescribed physical injuries from a fight in the cell, and a canker sore were not more than *de minimis*. *Id.* at 629.

      Under all of these tests, Plaintiff's bruise from a single punch to the jaw and requiring nothing more than the application of some ice is a *de minimis* injury at most. Plaintiff did not allege any serious difficulty, such as the breathing problems suffered by the inmate in *Irving*. Further, immediately after the incident, he stated that he was fine. Plaintiff's bruise is precisely the

type of injury that is explicitly considered a *de minimis* injury in *Luong*. It is also less of an injury than the aches and pains, minor physical injuries, and canker sore suffered by the inmate and considered *de minimis* in *Oliver*.

Accordingly, I recommend Defendants' Motion for Summary Judgment (ECF No. 19.) be **GRANTED** as to Plaintiff's failure to protect claim against all Defendants in their individual capacity.

## IV.   CONCLUSION

For the reasons stated, I recommend that Defendants' Motion for Summary Judgment (ECF No. 19.) be **GRANTED** and Plaintiff's Complaint be dismissed with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this **19th day of February 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE